The State v. Whitworth.

---

No. 20,195.

THE STATE OF KANSAS, *Appellee*, v. GERTRUDE WHITWORTH, *Appellant*.

### SYLLABUS BY THE COURT.

ARSON—*Two Separate Offenses Charged—No Duplicity—One Conviction.* Where two separate offenses, involving two separate and independent transactions, are charged in separate counts in an information, a verdict of not guilty as to one count is not a bar to further prosecution, or a verdict of not guilty, on the other count.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed June 10, 1916. Affirmed.

*John T. O'Keefe,* of Leavenworth, for the appellant.

*S. M. Brewster,* attorney-general, *Floyd E. Harper,* county attorney, and *L. B. Rutherford,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a conviction for arson. The defendant was prosecuted under two counts. Under the first count the charge was that the defendant "did unlawfully, willfully and feloniously set fire to and burn in the night time the one-story frame, three-room dwelling house

commonly known and described as 403 Lawrence avenue, Leavenworth, Leavenworth County, Kansas."

In the second count the charge was that the defendant "did unlawfully, willfully and feloniously set fire to and burn the one-story frame, three-room dwelling house, described as number 403 Lawrence avenue, Leavenworth, Leavenworth county, Kansas, together with the goods, wares and other chattels which were situated in said house at said time and which were insured against loss or damage by fire with intent to defraud or prejudice the insurer." Each charge alleged that the offense was committed on the 25th day of March, 1915. The evidence tended to show that there were two fires in the house; one on the 24th day of March and the other on the 26th day of March, 1915. The court instructed the jury that it could convict the defendant on either the first or the second count, or both. The jury returned a verdict as follows:

"We, the jury empanelled and sworn in the above entitled case, do upon our oaths find the defendant guilty as charged in the second count in the information. And we further find the defendant not guilty as charged in the first count in the information."

The defendant urges that but one offense was charged in the information, and that for that reason when the jury returned a verdict of not guilty on the first count no judgment of conviction could be rendered on the second count.

The offense charged in the first count was different in character from that charged in the second count. It is true that the information alleges that the two offenses were committed on the same day, but it is not necessary to allege the exact day on which an offense was committed, and the evidence may show that the offense charged was committed at any time within two years preceding the filing of the information.

If two offenses are charged in an information, each involving a separate and distinct crime, they may be charged as having been committed on the same day; and in fact they might have been committed on the same day. In the present case, the evidence tended to show that two offenses were committed, but on different days. For the two offenses, good pleading required that the facts constituting each of the crimes be set out in separate counts. If these two offenses had been charged in one count, that count would have been bad for duplicity.

Two offenses were charged in separate counts in the informa-
tion.  Evidence to establish each of these offenses was prop-
erly admitted, and the instruction of the court that the jury
could convict on either, or both, of these counts was correct.

The judgment is affirmed.